Argued August 20, reversed and remanded September 23, 1974

## HAL DEAN WALTZ, *Petitioner, v.*
## BOARD OF PAROLE, *Respondent.*
### 526 P2d 586

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and TANZER, Judges.

TANZER, J.

This is a review pursuant to ORS 144.335 of a final order of the Parole Board revoking petitioner's parole.

Petitioner was serving his parole from the Oregon State Penitentiary in Alaska pursuant to the In-

terstate Compact whereby the host state provides supervision. He was accused by the Alaska authorities of larceny from his employer. A hearing was held by the Alaska parole authorities at which petitioner was represented by the public defender. He gave two different explanations of the incidents from which the new criminal charge arose, each different from that given to the police. The parole officer ruled that petitioner should be returned to Oregon for disposition by the Oregon State Board of Parole.

Based upon the record gathered in the Alaska hearing, the Oregon State Board of Parole issued its proposed findings, conclusions and order revoking parole. Pursuant to its rules, the petitioner was notified that he had 20 days in which to file written exceptions or arguments. His attorney, the public defender from Alaska, wrote on his behalf to the Board of Parole demanding that petitioner be given a full revocation hearing pursuant to the requirements of *Morrissey v. Brewer,* 408 US 471, 92 S Ct 2593, 33 L Ed 2d 484 (1972). The Board denied the request on the ground that recent Oregon legislation provides only for one on-site hearing with subsequent Board administrative review of the record, conceding, however, that the denial was inconsistent with *Morrissey v. Brewer,* supra. The petitioner filed written objections, the Board revoked his parole, and petitioner asks that this court review the denial of a full revocation hearing.

Petitioner desires a full hearing before the Board within the state of Oregon, contending that the Alaska hearing was insufficient to serve the purposes of a dispositional parole revocation hearing.

The Board responds that the Alaska hearing should be deemed legally sufficient in view of the pre-

sumption of regularity which attends the official performance of official functions, ORS 41.360 (15), and the presumption that the law has been obeyed, ORS 41.360 (33), particularly since petitioner was represented by counsel in Alaska. The Board also argues that the petitioner's basic right is to be heard, that he was in fact heard, and that the revocation was therefore valid despite any procedural imperfection.

■ The procedural protections which are constitutionally guaranteed to a parolee threatened with revocation are propounded in *Morrissey v. Brewer,* supra. He is entitled to a hearing close in time and place to his arrest to determine whether there is reasonable cause to·hold him for parole violation. He is also entitled to a full dispositional determination by the parole board. As to each function, i.e., the decision to hold and the decision to revoke, the petitioner is entitled to notice, confrontation and allocution to a degree appropriate for parole proceedings.

*Morrissey* contemplates that the two functions, probable cause and disposition, be performed at two hearings. However, in the subsequent decision of *Gagnon v. Scarpelli,* 411 US 778, 93 S Ct 1756, 36 L Ed 2d 656 (1973), the Supreme Court recognized that the states may perform both functions with only one hearing:

> "* * * Nor did we intend [in *Morrissey v. Brewer,* supra] to foreclose the States from holding both the preliminary and the final hearings at the place of violation or from developing other creative solutions to the practical difficulties of the Morrissey requirements." 411 US at 782, n. 5.

■ The Oregon Legislature, responding to the substantive requirements of *Morrissey v. Brewer,* supra, and the encouragement of creativity in *Gagnon v.*

*Scarpelli,* supra, enacted ORS 144.343,[1] which provides that information for both purposes be gathered at one on-site hearing and that the Board decide the disposition based upon the record. The procedure has the obvious advantages of hearing witnesses once instead of twice, close to the scene, soon after the event. By consolidating the mechanical function of record making but preserving the distinction between the preliminary adjudicative function of the hearing officer and the final adjudicative function of the entire Board, the Oregon procedure is constitutional without being duplicative.

■ The Alaska hearing was expressly for the sole purpose of determining probable cause to hold the petitioner for full revocation proceedings. It was not contemplated by the hearing officer, the parole officer, the petitioner or his counsel to be a fact-gathering procedure for the performance of the dispositional function in addition to the probable cause function.[2] We cannot presume, as the Board suggests, that Alaska

---

[1] ORS 144.343 (1) provides:

"When a parolee is arrested and detained under ORS 144.-331 or 144.350, the State Board of Parole or its designated representative shall conduct a hearing as promptly as convenient after arrest and detention to determine whether there is probable cause to believe a violation of one or more of the conditions of parole has occurred and also conduct a parole violation hearing if necessary. The location of the hearing shall be reasonably near the place of the alleged violation or the place of confinement."

The remaining sections of the statute set out the procedures to be followed, protections to be afforded and dispositions to be considered during the parole revocation procedure.

[2] The transcript discloses several references to the probable cause nature of the hearing, e.g.:

"Mr. Waltz: Well now as I understand it us, that is what we are having here now is a preliminary hearing, hearing [sic].

"Mr. Frost [the hearing officer]: Right * * *."

authorities regularly followed Oregon procedure where the record indicates otherwise.

■ The petitioner is entitled to relief if he has been denied substantive rights by the erroneous procedure. Where a hearing is for probable cause only, there is no reason for a contestant to exercise his rights to confront witnesses and present evidence as fully as he would in a dispositional hearing. The failure to provide a record-gathering process for the dispositional function is a denial of these substantive rights. If his parole is to be revoked in these proceedings, then those rights must be accorded to him pursuant to *Morrissey v. Brewer,* supra, by the granting of a dispositional hearing by the Board or its designated representative in Oregon or in Alaska.

■ The Parole Board acknowledged its lack of compliance with *Morrissey v. Brewer,* supra, but it regarded the statute as a legislative prohibition against compliance.[9] On the contrary, the legislature has expressed its approval of cooperative interstate parole arrangements by enactment of the Uniform Act for Out-of-State Supervision, ORS 144.610–144.620, and the Parole Board has authority to develop procedures and

---

[9] The letter from Parole Board member T. L. Johnson to the Public Defender denying his demand for a dispositional hearing stated:

"The above proceeding may seem to be inconsistent with dictates of Morrissey v. Brewer. However, the recent Oregon Legislature, which convened in 1973, spoke directly of the matter of parole violation proceedings. In essence, they provide for one onsite hearing, and subsequent Board administrative review of the record. Under our procedures, Mr. Waltz will not be given a second parole violation hearing before the Board as the Morrissey decision contemplates. He will, however, appear at a future disposition hearing. Such hearing is a summary-type proceeding to determine whether or not the Board will again consider him for the privilege of parole."

adopt rules by which to effectively participate in such arrangements.

We acknowledge the practical difficulties of compliance with the procedural requirements of ORS 144.343 (1) and the constitutional mandates of *Morrissey v. Brewer,* supra, in cases involving interstate supervision.[4] The demands upon manpower and resources are unanticipated, but must somehow be accommodated. We are confident, however, that the Board of Parole will be able to fashion lawful procedures to continue the legislatively approved program of interstate parole in the most efficient manner consistent with the Constitution.

Reversed and remanded for further proceedings consistent with this opinion.

---

[4] The U. S. Supreme Court has also acknowledged the difficulty and commented in *Gagnon v. Scarpelli,* 411 US 778, 782, n. 5, 93 S Ct 1756, 36 L Ed 2d 656 (1973):

"\* \* \* An additional comment is warranted with respect to the rights to present witnesses and to confront and cross-examine adverse witnesses. Petitioner's greatest concern is with the difficulty and expense in procuring witnesses from perhaps thousands of miles away. While in some cases there is simply no adequate alternative to live testimony, we emphasize that we did not in Morrissey intend to prohibit use where appropriate of the conventional substitutes for live testimony, including affidavits, depositions, and documentary evidence. \* \* \*"

It goes on to suggest combined on-site hearings as quoted at p. 655.