Argued March 20, reversed and remanded April 28, 1975

DANIEL VRIELING, *Petitioner, v.* OREGON
STATE BOARD OF PAROLE (3988), *Respondent.*
534 P2d 516

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

This is a review of a final order of the Oregon State Board of Parole (Board) revoking petitioner's parole. ORS 144.335.

Petitioner contends that the Board erred in revoking his parole in that it did not afford him a full and complete revocation hearing.

The facts are as follows:

Petitioner was paroled from the Oregon State Penitentiary to the state of Washington, where he was being supervised by the host state pursuant to the Interstate Compact.

On May 14, 1974, petitioner's Washington parole officer recommended that petitioner's parole be suspended and a warrant issued for his arrest for the following alleged violations of parole: (1) attempting to flee from Seattle police following a lawful attempted apprehension and (2) removing scrap metal from the property of another without the consent of the true owner.

In July 1974 a hearing was held in Washington before a hearing officer for the Compact administrator. The stated purpose of the hearing was to determine whether there was probable cause to believe petitioner committed a violation of his parole, and if so was there reason to believe that such violation was of such a nature that revocation of parole should be considered. Petitioner was represented by an attorney at that hearing.

The hearing officer made a written record of the proceeding. The record, which did not include a verbatim transcript of the hearing, did include the following: A statement of the issue, a statement of the alleged violations of parole, a summary of the evidence and testimony produced at the hearing, a statement of the findings of the hearing officer and his recommendations. The summary of the evidence included a summary of the testimony of petitioner, a Seattle police officer and a Snohomish County deputy sheriff.

In his findings the hearing officer concluded that there was probable cause to believe that petitioner had violated the terms of his parole in attempting to flee from a lawful arrest, and that such flight was a violation of state law and was sufficiently serious to establish a basis for parole revocation. With respect to the second allegation, the hearing officer found that there was no probable cause to believe petitioner commit-

ted a criminal act in carrying away scrap equipment, and that therefore this did not constitute a basis for revoking petitioner's parole. As to a third allegation, using intoxicating beverages, which was added after petitioner's apprehension, the hearing officer concluded that petitioner's admission that he had been drinking established a parole violation, but that it was not a sufficient basis to revoke petitioner's parole. In his recommendation the hearing officer stated that the evidence indicated that petitioner should not be allowed to remain on parole in Washington. He further recommended holding petitioner in custody for up to 30 days to await action by the Oregon State Board of Parole.

The Board considered the matter of petitioner's parole in August 1974. After reviewing petitioner's file and the record in the Washington proceeding, the Board issued a proposed order recommending that petitioner's parole be revoked.①

On September 6, 1974, petitioner, in a letter to the Board, requested that he be allowed to be present at a hearing into the matter of his parole revocation. He also requested that counsel be assigned to represent him. The letter also contained his explanation

① The Oregon State Board of Parole based its findings on the following documents:
"This matter came before the Oregon State Board of Parole at a regularly scheduled business meeting on Monday, August 5, 1974; and the Board, having considered
"A. Certain reports and documents to wit:
"1. State of Washington violation report dated May 15, 1974 to Compact Administrator, from Robert R. Reynolds, Probation and Parole Officer.
"2. Letter dated July 25, 1974 from Daniel Vrieling, parolee, regarding Interstate Compact hearing.
"3. Letter dated July 23, 1974 to Mr. David C. Mitchell, Jr. from Loren Keely, Chief, Office of Hearings, with attached
"B. Hearings Officer's Findings and Recommendations arising out of the parolee's parole violation proceedings * * *."

of the incidents which resulted in the proposed revocation.

On September 9, 1974, in an unanimous decision, the Board denied petitioner's request and revoked his parole.

The sole question for our determination is whether the hearing which was conducted in Washington was a preliminary probable cause hearing, or whether it was also a fact-gathering dispositional hearing.

■■ Petitioner is entitled to a preliminary hearing into whether there is probable cause to believe he committed acts which constitute a violation of the conditions of his parole. He is also entitled to a final dispositional hearing to evaluate any contested relevant facts and to determine whether the facts as determined warrant revocation of parole. *Morrissey v. Brewer,* 408 US 471, 92 S Ct 2593, 33 L Ed 2d 484 (1972). Two separate hearings, however, are not required. A proper consolidated hearing may satisfy due process requirements. *Gagnon v. Scarpelli,* 411 US 778, 93 S Ct 1756, 36 L Ed 2d 656 (1973). It is also clear that a hearing with a proper record and recommendations held before an appropriate officer or agency in another state pursuant to the Uniform Act for Out-of-State Supervision is entitled to the same standing and effect that it would have if it were held before the appropriate officer in this state. ORS 144.617. *See, Waltz v. Bd. of Parole,* 18 Or App 652, 526 P2d 586 (1974).

■■ Petitioner strongly asserts that the hearing he was afforded in Washington was nothing more than a preliminary probable cause hearing and was not a full dispositional hearing upon which the Board could properly revoke his parole.

*Waltz v. Bd. of Parole,* supra, involved a similar

question. In *Waltz* a hearing was held in Alaska, but for the sole purpose of establishing probable cause. In discussing the petitioner's due process rights this court said:

"The petitioner is entitled to relief if he has been denied substantive rights by the erroneous procedure. Where a hearing is for probable cause only, there is no reason for a contestant to exercise his rights to confront witnesses and present evidence as fully as he would in a dispositional hearing. The failure to provide a record-gathering process for the dispositional function is a denial of these substantive rights. If his parole is to be revoked in these proceedings, then those rights must be accorded to him pursuant to *Morrissey v. Brewer,* supra, by the granting of a dispositional hearing by the Board or its designated representative in Oregon or in Alaska." 18 Or App at 657.

The state contends that there is no error because the Washington single hearing procedure, which parallels ORS 144.343, provides for both a probable cause hearing and a hearing to create a dispositional record. RCW 9.95B.030 provides in part:

"With respect to any hearing pursuant to this chapter, the parolee or probationer:

"(1) Shall have reasonable notice in writing of the nature and content of the allegations to be made, including notice that its purpose is to determine whether there is probable cause to believe that he has committed a violation of a condition of parole or probation, and if so, whether or not there is reason to believe that the violation or violations are of such a nature that revocation of parole or probation should be considered.

"* * * * * *"

The record of the Washington proceeding shows that following his arrest petitioner was served with a notice of his right to a hearing on June 19, 1974, and

that he refused to waive such hearing. No copy of this notice is included in the record before us. The only notice contained in the record is a photostatic copy of a document entitled "Notice of Hearing," which shows that it was "dated and mailed at Seattle, Washington, this 21st day of June, 1974." This notice states that the hearing to be held June 28 "is held pursuant to RCW 9.95.270." This statute is the Washington version of the Uniform Act authorizing compacts for out-of-state supervision of parolees and probationers.

Nowhere in the notice of June 21 or elsewhere in the record do we find that petitioner was notified that the purpose of the forthcoming hearing was to determine if he had committed a violation of a condition of his parole, and if so, whether or not there is reason to believe that the violation or violations are of such a nature that revocation of parole should be considered. *See,* RCW 9.95B.030.

The proper notice is crucial because, as we said in *Waltz:*

"* * * Where a hearing is for probable cause only, there is no reason for a contestant to exercise his rights to confront witnesses and present evidence as fully as he would in a dispositional hearing. * * *" 18 Or App at 657.

It is possible that the first notice petitioner received on June 19 contained the necessary information; however, we cannot make such assumption on the record before us. Without some affirmative proof in the record that petitioner received proper notice, we are unable to determine whether petitioner was sufficiently notified of the nature of the hearing to enable him to fully exercise his constitutional rights.

Reversed and remanded.

SCHWAB, C. J., dissenting.

Contrary to the majority I do not believe that the holding of *Waltz v. Bd. of Parole,* 18 Or App 652, 526 P2d 586 (1974), was violated here. In *Waltz* the out-of-state hearing was admittedly for the sole purpose of establishing probable cause. In this case the petitioner was told that he was going to have a revocation hearing in Washington, and long prior to the hearing a Washington lawyer was appointed to represent him. Washington statutes provide for substantially the same kind of hearing which is provided for by Oregon statutes which *Waltz* holds meet the requirements of *Morrissey v. Brewer,* 408 US 471, 92 S Ct 2593, 33 L Ed 2d 484 (1972). The record of the hearing discloses that, in fact, petitioner was given a hearing which was both a probable cause hearing and a revocation hearing. I would affirm the order of the Board of Parole and therefore respectfully dissent.