Argued March 20, reversed and remanded May 8, 1978

## STANLEY R. ERICKSON, *Petitioner,*
*v.*
## OREGON STATE BOARD OF PAROLE,
*Respondent.*
### (No. PD 132-P, CA 9646)
578 P2d 499

J. Marvin Kuhn, Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Gillette and Roberts, Judges.

GILLETTE, J.

## GILLETTE, J.

Petitioner, while on parole and ostensibly living in Portland, was arrested on May 11, 1977, by Clark County, Washington, authorities for two burglaries. On May 31, 1977, and after being advised of petitioner's arrest and detention, petitioner's parole was suspended. ORS 144.331(1).[1] Charges against petitioner in Washington were dismissed sometime prior to July 15, 1977. On July 18, 1977, the Parole Board revoked petitioner's parole and ordered petitioner returned to custody in Oregon. The Board's order recites that it "considered certain reports, documents, [and a] Supplemental Violation Report dated July 15, 1977, submitted by [a named Oregon Corrections Division officer]." So far as the record discloses, petitioner was never advised that a hearing on his case was pending, or of any of his rights in connection with such a hearing.

Petitioner seeks judicial review of the Parole Board's order pursuant to ORS 144.335(1).[2] We reverse.

A parolee may not, absent waiver, be returned to custody without a hearing or hearings which establish that he has violated his parole. *Gagnon v. Scarpelli,* 411 US 778, 93 S Ct 1756, 36 L Ed 2d 656 (1973); *Morrissey v. Brewer,* 408 US 471, 92 S Ct 2593, 33 L Ed 2d 484 (1972). Procedurally, "the petitioner is entitled to notice, confrontation and allocution to a degree appropriate for parole proceedings." *Waltz v. Bd of Parole,* 18 Or App 652, 655, 526 P2d 586 (1974).

---

[1] "The State Board of Parole may suspend the parole of any person under its jurisdiction upon being informed and having reasonable grounds to believe that the person has violated the conditions of his parole and may order the arrest and detention of such person. * * *"

[2] "When a person over whom the board exercises its jurisdiction is adversely affected or aggrieved by a final order of the board related to the granting, revoking or discharging of parole, such person is entitled to judicial review of the final order."

This right to a hearing prior to revocation is codified in ORS 144.343(1):

"When the State Board of Parole or its designated representative has been informed and has reasonable grounds to believe that a person under its jurisdiction has violated a condition of parole and that revocation of parole may be warranted, the board or its designated representative shall conduct a hearing as promptly as convenient to determine whether there is probable cause to believe a violation of one or more of the conditions of parole has occurred and also conduct a parole violation hearing if necessary. The location of the hearing shall be reasonably near the place of the alleged violation or the place of confinement."

The balance of ORS 144.343 describes the particular procedures to be employed at such hearings.

The record here discloses that petitioner was not accorded an ORS 144.343 hearing. Instead, the Board revoked his parole by an order which included the following notice:

"You are entitled to administrative review of this order under 254 O.A.R. 80-005. Administrative review may be obtained by submitting a written request to the Chairman within 20 days from the date of mailing of this order. If you are still aggrieved following administrative review, judicial review may be obtained by filing a petition for review in the Court of Appeals, State of Oregon Supreme Court Building, Salem, Oregon 97310 within 60 days from the date of mailing of this order. Judicial review is pursuant to the provisions of ORS 144.335."

Respondent argues that this notice and the hearing that it contemplates are sufficient to meet the *Morrissey/Gagnon* due process requirements. Respondent is mistaken for two reasons: (1) The notice is inconsistent with the statute. ORS 144.343(1) provides that the Board "shall" conduct a hearing. The Board must consider, *inter alia,* relevant evidence in mitigation which petitioner may wish to offer. *See* ORS 144.343(3)(f)(B); *Gagnon v. Scarpelli, supra.* Revocation cannot occur until after the hearing, because ORS

[ 326 ]

144.345[3] provides that the Board may revoke parole if "the evidence offered in mitigation does not excuse or justify the violation." If revocation could occur *before* the hearing, the Board would not be able to consider mitigating factors in making its revocation decision.

(2) The "hearing" which is contemplated by OAR 254-80-005 does not meet the requirements of ORS 144.343. OAR 254-80-005 provides:

> "Administrative appeal may be requested by an offender or a Board member, when the basis for the appeal meets the criteria of the Board. The chairman shall examine the request to ascertain whether or not it is meritorious, consistent with the Board's criteria and would have affected the decision. Should this examination satisfy the above requirements, the chairman will remand the case to the panel which heard it if possible. The appeal panel will conduct a new hearing. If the requirements are not met, the chairman will inform the offender in writing that the prior decision remains in effect."

The "criteria" referred to in this rule are spelled out in OAR 254-80-010, which provides:

> "The basis for appeal must fall within one of the following criteria:
>
> "(1) The written finding of the Board does not reflect the Board action;
>
> "(2) Pertinent information was available at the time of the original hearing which, through no fault of the offender, was not considered at the parole hearing;
>
> "(3) The action of the Board is inconsistent with its policies or is contrary to law."

As the phrase "was not considered at the parole hearing" in OAR 254-80-010 graphically demonstrates, the appeal contemplated by the notice in the order revoking parole is a separate proceeding *subse-*

---

[3] "Whenever the State Board of Parole considers an alleged parole violator and finds such person has violated one or more conditions of parole and the evidence offered in mitigation does not excuse or justify the violation, the board may revoke parole."

*quent to* a due process hearing under ORS 144.343, not a substitute for such a hearing.

Respondent also relies upon ORS 144.349, which provides:

> "When an alleged parole violator is in custody in a state to which he has not been paroled or in federal custody, ORS 144.343 does not apply."

The statute merely acknowledges reality: so long as a parolee is held in a foreign jurisdiction, the Board may wait to hold a hearing pursuant to ORS 144.343 because it has no authority to compel the parolee's attendance. Once he is available to Oregon authorities, however, a parolee must receive an appropriate hearing.

For the foregoing reasons, the Board's action must be reversed with directions to forthwith grant the petitioner a full hearing pursuant to ORS 144.343 or, in the alternative, to return him to parole status.

Reversed and remanded with instructions.