Argued and submitted March 11, 1995, vacated in part; remanded for further proceedings May 29, petition for review denied November 26, 1996 (324 Or 395)

GLENN DEAN WOOLSTRUM,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

(CA A86804)

918 P2d 112

Gail L. Meyer argued the cause for appellant. With her on the brief was Ransom, Blackman & Weil.

Christine A. Chute, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Richardson, Chief Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

**DE MUNIZ, J.**

Petitioner petitions for review of an order of the Board of Parole and Post-Prison Supervision (Board) denying rerelease on parole. We vacate the order and remand.

In 1985, petitioner was convicted of kidnapping in the first degree and attempted murder. At the time that he committed the offenses, he was employed by the Clackamas County Sheriff's office as a corrections officer. The trial court sentenced petitioner to two concurrent 20-year terms with a five-year minimum term for use of a firearm.

Petitioner was paroled in January 1993. As a condition of release, petitioner was required to follow the directions of his parole officer and obey all laws. While on parole, petitioner married. On June 4, 1994, petitioner physically restrained his wife, and the police intervened. He was arrested on charges of violation of the conditions of his parole. He waived a revocation hearing and consented to modification of conditions of his parole. He was released from local custody on July 1.

Petitioner's wife had obtained a restraining order. In violation of that order, petitioner initiated several meetings with his wife. He repeatedly telephoned her, leaving approximately 50 messages on her pager. After he went to her workplace and began yelling at her, petitioner was again arrested on July 8. Petitioner's parole officer recommended revocation.

On July 20, 1994, a hearings officer presented petitioner with a Notice of Rights form that advised petitioner that he was entitled to a violation hearing and that explained the effect of waiver. Petitioner waived his right to a parole violation hearing. The hearings officer found that petitioner had violated parole and recommended revoking his parole. The Board revoked parole in an order dated August 1. Petitioner did not seek review of that order.

On October 27, 1994, the Board held a future disposition hearing to determine whether to release petitioner on parole. Petitioner was not provided separate notice of the

purpose of that hearing or his rights at it. He appeared without counsel. The victim of petitioner's crimes was there, along with her mother and counsel, and petitioner's estranged wife. After the hearing, the Board unanimously denied petitioner parole and rerelease. His release date was set at his statutory good time date, January 14, 2002.

Petitioner then obtained counsel who, on December 8, filed an administrative review request for the October 27 order. In that request, he argued that he was never notified that his parole could be revoked or "of the potential consequences of this proceeding[.]" The board rejected petitioner's argument on the ground that he had signed the January 1993 release, which included the information that parole could be revoked for violation of conditions, that he could be returned to prison, that he had signed a waiver for the July revocation hearing, and that the waiver informed him that he had a right to a hearing and counsel at his own expense. Petitioner then filed this petition for judicial review. Attached to his petition were the Board Action Form, dated October 27, and the letter following administrative review, as well as a second letter from the Board confirming that the first letter constituted a final order of the Board and that petitioner had, therefore, exhausted his administrative remedies.

■ Petitioner first argues that the Board failed to impose parole revocation sanctions consistent with the post-prison supervision violation sanctions set by rules of the Sentencing Guidelines Board.[1] He argues that it is clear from ORS 144.346 and ORS 144.343(7) that the legislature intended that parole violators be subject to the interim sanctions provided by sentencing guidelines. ORS 144.346 provides:

---

[1] Petitioner relies on *former* OAR 253-11-004(3), which provided:

"If requested to return an offender to a state correctional facility, the Board shall hold a hearing to determine whether prison incarceration is appropriate and may impose an appropriate term of incarceration up to ninety (90) days for a technical violation and up to one hundred and eighty (180) days for conduct constituting a crime. Except as provided in OAR 253-05-004(2), during the full term of post-prison supervision, an offender may not be required to serve more than one hundred and eighty (180) days of incarceration for violations of the conditions of supervision."

"(1) The State Board of Parole and Post-Prison Supervision shall adopt rules to establish parole revocation sanctions for parole violations committed on or after November 1, 1989.

"(2) To the extent permissible under law, the parole revocation sanctions established under this section shall be consistent with the post-prison supervision violation sanctions set by rules of the Oregon Criminal Justice Commission."

ORS 144.343(7) provides:

"If the board or its designated representative has determined that there is probable cause to believe that a violation of one or more of the conditions of parole has occurred, the hearing shall proceed to receive evidence from which the board may determine whether to reinstate or continue the alleged parole violator on parole subject to the same or modified conditions of parole *or revoke parole and require that the parole violator serve a term of imprisonment as provided by ORS 144.346.*" (Emphasis petitioner's.)

The Board responds that ORS 144.346 does not apply to petitioner's situation. It contends that imposing a sanction for a parole violation is not the same thing as revoking parole, and that here the Board did not impose a sanction. Instead, the Board contends, petitioner's parole was revoked, and he was ordered to serve out the balance of his sentence. Therefore, the Board urges that ORS 144.343(2) controls, and that, under that statute, it has three options: to reinstate parole; to "[r]evoke parole and require that the parole violator serve the remaining balance of the sentence as provided by law"; or to impose sanctions, as provided in ORS 144.106.

■ Neither party's argument explains the relationship between the requirement in ORS 144.343(7) that the term of imprisonment served by the parole violator shall be "as provided by ORS 144.346" and the provision of ORS 144.343(2)(b) that the parole violator shall "serve the remaining balance of the sentence as provided by law[.]" However, we do not resolve the issue. Petitioner did not raise this argument on administrative review, and we do not agree with him that it is error apparent on the face of the record. The Oregon Supreme Court has made it clear that an error apparent on

the face of the record is one in which the legal point is obvious, not reasonably in dispute, and does not require choosing between competing inferences. *State v. Farmer*, 317 Or 220, 224 n 4, 856 P2d 623 (1993); *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). Here, the intention of the legislature is not clear from the text and context. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). The legal point is in dispute, and we decline to address petitioner's argument made for the first time in this petition for review.

■ We consider petitioner's next two assignments of error together. He argues that the Board erred in finding that he was adequately provided notice of his rights in a parole revocation hearing and that it erred in finding that he knowingly waived his right to a parole revocation hearing and/or his right to counsel at that hearing. What petitioner seeks is a reversal of the revocation order, but his petition for judicial review, as noted above, was from the order denying rerelease or parole. Central to petitioner's argument, however, is that the future disposition hearing cannot be viewed separately from the revocation hearing. The thrust of his position is that, because nothing in the Notice of Rights for the revocation proceeding advised him that a "return to prison" could result in a denial of rerelease, both the revocation proceeding and the disposition hearing are invalid.

■ ORS 144.335(4) provides that we may review "[t]he final order [of the Board] and the proceedings underlying the order" if a petition for review is sought within 60 days of the final order. Petitioner appears to treat the revocation order as part of "the proceedings underlying" the disposition order. However, petitioner does not explain why that is so,[2] and we do not agree with his position. ORS 144.395 provides that the

---

[2] In his fourth assignment of error, petitioner states that "[t]he decision whether to revoke parole is a two-step process requiring determination whether a violation occurred, and if so, whether the parolee [should] be recommitted to prison. *Waltz v. Bd. of Parole*, 18 Or App 652, 526 P2d 586 (1974); *Morrissey v. Brewer*, [408 US 471, 92 S Ct 2593, 33 L Ed 2d 484 (1972)]." Petitioner misreads his authority. *Waltz*, which was grounded on *Morrissey*, discusses the procedural protections guaranteed by the constitution. A parolee threatened with revocation is entitled to a hearing close to his arrest to determine probable cause to hold him for parole violation and is also entitled to a full dispositional determination by the parole board. The two-step process, thus, is the decision to hold and the decision to revoke. *Waltz*, 18 Or App at 655.

"board shall adopt rules consistent with the criteria in ORS 144.780 relating to the rerelease of persons whose parole has been revoked."[3] Pursuant to that authority, the Board had adopted ORS 255-75-072, which provides, in part:

"(1) At the time of a revocation decision, the Board shall make an order concerning rerelease.

"(2) In the rerelease order, the Board may:

"(a) Continue parole or post-prison supervision pursuant to OAR 255-75-075 or 255-75-080; or

"(b) Set the rerelease date in accordance with the OAR 255-75-079; or

"(c) Defer the release decision *pending a future disposition hearing*." (Emphasis supplied.)

Under that rule, it is possible that the rerelease decision might be one issue that could be reviewed from an order of revocation. However, determining that the rerelease decision will be made after a subsequent hearing does not mean that the revocation proceeding results only in some sort of "interim" order. The later hearing on rerelease has no effect on the revocation order.

Here, the order revoking petitioner's parole is clearly titled "FINAL ORDER OF REVOCATION." It provides notice that petitioner is entitled to administrative review of the order by submitting a written request within 45 days of the date of the order and that judicial review of the order may also be obtained. The order is dated August 1, 1994. No administrative review was taken within that time and no petition for judicial review was filed. The order was final and issues regarding the revocation proceeding are not properly before us in this judicial review.

■ ■ Petitioner's final assignment of error is that the Board erred in finding that he was provided notice of his rights before the start of the future disposition hearing. Parole term hearings are subject to the notice requirements

---

[3] ORS 144.780 provides that the board shall adopt rules for ranges of imprisonment to be served before release on parole and sets out the objectives that the ranges shall be designed to achieve.

of the Administrative Procedures Act. ORS 183.413(2); *Jenkins v. Board of Parole*, 313 Or 234, 240, 833 P2d 1268 (1992). The Board concedes, and we accept the concession, that the record does not show that petitioner had that notice.

The Board argues that petitioner has failed to show that his substantial rights were violated by the defect in notice. However, the Board proceeded under OAR 255-75-096, which carries the consequence of imprisonment to the statutory good time date, and the record does not show that petitioner had notice of that consequence. Furthermore, although the Board does not have rules providing for representation by counsel at future disposition hearings, petitioner had "the right to be accompanied by a person of the inmate's choice[.]" ORS 144.123. That could have included being accompanied by counsel. We do not agree with the Board that lack of knowledge of those provisions could not have affected petitioner's rights. Accordingly, we vacate the order denying rerelease and remand for a reopening of the hearing. ORS 183.413(4).

Order denying parole rerelease vacated; remanded for further proceedings.