Argued and submitted August 28, affirmed October 30, 1996, petition for review
denied February 4, 1997 (324 Or 560)

LAWRENCE TROIANO, Jr.,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

(CA A89569)

925 P2d 167

Eric M. Cumfer, Deputy Public Defender, argued the cause for petitioner. With him on the briefs was Sally L. Avera, Public Defender.

Erika L. Hadlock, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

PER CURIAM

## PER CURIAM

Petitioner seeks judicial review of an order of the Board of Parole and Post-Prison Supervision (Board) denying his re-release onto parole. ORS 144.335 (1993); ORS 183.482. We address only the first assignment of error.

Petitioner contends that the Board erred in imposing 25 months of parole, instead of six months as prescribed by the post-prison supervision violation sanctions. He contends that the Board followed OAR 255-75-096, which, he asserts, contravenes ORS 144.346(2).[1] However, petitioner never raised that issue below. To the Board, petitioner argued that if it had applied *former* OAR 255-75-090(2), his sentence would have been eight to twelve months.

Petitioner failed to preserve his claim of error. *See Woolstrum v. Board of Parole*, 141 Or App 332, 336, 918 P2d 112 (1996).

Affirmed.

---

[1] ORS 144.346(2) provides:

"To the extent permissible under law, the parole revocation sanctions established under this section shall be consistent with the post-prison supervision violation sanctions set by rules of the Oregon Criminal Justice Commission."