Argued and submitted December 20, 1996, affirmed March 5, 1997

# WILLIAM HENRY KENDRICK,
*Petitioner,*

*v.*

# BOARD OF PAROLE AND POST-PRISON SUPERVISION,
*Respondent.*

(A91210)

934 P2d 607

Alan H. Biedermann, Deputy Public Defender, argued the cause for petitioner. With him on the brief was Sally L. Avera, Public Defender.

Christine A. Chute, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

■ Petitioner seeks review of an order of the Board of Parole and Post-Prison Supervision (Board) that denied him re-release on parole and ordered him to serve 28 months' incarceration with a release date two days before his statutory good-time date. We have rejected petitioner's arguments that the Board lacked the authority to take that action. *Kessler v. Board of Parole*, 145 Or App 584, 931 P2d 801 (1997); *Bollinger v. Board of Parole*, 142 Or App 81, 920 P2d 1111, *rev allowed* 324 Or 394 (1996).

■ Relying on *Woolstrum v. Board of Parole*, 141 Or App 332, 918 P2d 112, *rev den* 324 Or 395 (1996), petitioner also argues that the Board erred by failing to give him adequate notice of his rights before the start of his future disposition hearing. He argues that the record does not show that he had notice of the possible consequence of imprisonment to his statutory good-time date or that he was informed that he had the right to be accompanied by a person of his choice, as proved by ORS 144.123. After the hearing, the Board issued its order denying re-release. Petitioner who was not represented by counsel, timely sought administrative review of that order by filling out a form provided by the Board. That form has a space in which an inmate can identify the reason that the Board's action was inconsistent with its "rules or policies" or with "statutes and/or constitutions." Petitioner did not raise the issue of inadequacy of notice in the form that he filed.

However, assuming that petitioner did not waive his argument by failing to place the notice issue before the Board, *see Troiano v. Board of Parole*, 144 Or App 325, 925 P2d 167 (1996), *rev den* 324 Or 560 (1997) (failure to raise issue before the Board constituted failure to preserve issue for judicial review), we do not agree that petitioner failed to receive adequate notice. Petitioner's circumstances are not those in *Woolstrum*, where we accepted the Board's concession that the record did not show that the petitioner had received notice. 141 Or App at 339. Here, the record shows that the petitioner received a "Review Packet" at least 14 days before the future disposition hearing. That packet

includes a statement that petitioner had a right to be represented by a person of his choice. It also includes, in capital letters "PAROLE MAY BE DENIED." That statement adequately gave petitioner notice that the hearing could result in continued incarceration to his good-time date. There was no error.

Affirmed.