Argued and submitted September 7, reversed and remanded December 15, 1993

John P. JAQUA,
*Appellant,*

*v.*

NIKE, INC.,
an Oregon corporation
with its principal place of
business in Beaverton, Oregon,
*Respondent.*

(C920052CV; CA A77391)

865 P2d 442

Robert A. Sacks argued the cause for appellant. With him on the briefs were Henry Kantor, Kantor and Sacks, William A. Birdwell and Birdwell & Associates.

Lee S. Aronson argued the cause for respondent. With him on the brief were James C. Carter and Schulte, Anderson, DeFrancq, Downes & Carter, P.C.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

■ ■ Plaintiff appeals from a judgment dismissing his complaint for failure to commence his action within the statute of limitations. ORCP 21A(9). In reviewing the granting of a motion to dismiss, we assume the truth of all allegations, as well as any inferences that may be drawn, and view them in the light most favorable to the nonmoving party. *Machunze v. Chemeketa Community College,* 106 Or App 707, 712, 810 P2d 406, *rev den* 312 Or 16 (1991). Our review of a motion to dismiss based on the expiration of the statute of limitations, ORCP 21A(9), is limited to what appears on the face of the pleading. ORCP 21A; *O'Gara v. Kaufman,* 81 Or App 499, 503, 726 P2d 403 (1986). We reverse.

Plaintiff filed this action in January, 1992. Defendant moved to dismiss, contending that the gist of the claim was for tortious misappropriation of plaintiff's idea and that it was barred by the two year statute of limitations for tort actions. ORS 12.110(1). The trial court agreed with defendant and granted the motion. Plaintiff assigns error to that ruling, arguing that the complaint includes claims for breach of implied contract, not for a tort, and that the applicable statute of limitation is six years. ORS 12.080(1).

The facts are taken from plaintiff's third amended complaint. Defendant manufactures shoes and other recreational and sporting goods. Plaintiff began working for defendant as a clerk in 1980. He was not hired to develop products. While working there, he formed an idea for a new type of shoe. He alleges that he disclosed that idea to one of defendant's vice presidents, who suggested that the idea should be developed more fully. Between 1980 and 1982, plaintiff refined his idea, made prototype shoes and compiled marketing data and other information. He then met with defendant's corporate president, who reviewed plaintiff's work and told him to present it to a different vice president. Plaintiff once again revealed his idea, his market information and his prototypes. At each meeting, plaintiff said that he expected to be paid if defendant used his idea. He ended his employment with defendant in 1982. In 1986, defendant began manufacturing and marketing a shoe line, known as Aqua Sock, allegedly derived from plaintiff's idea. Plaintiff contends that defendant should compensate him for its use of his idea.

■■    The issue is whether plaintiff's claim sounds in tort or in contract. If the complaint sounds in tort, the statute of limitations is two years and the complaint was correctly dismissed; if it sounds in contract, the statute of limitations is six years, and the dismissal was incorrect. To decide that issue, we review the complaint and determine its "real" character. *Securities-Intermountain v. Sunset Fuel*, 289 Or 243, 252, 611 P2d 1158 (1980). In making that determination, we consider the factual setting of the dispute, the legal theory derived from those facts and the claimed measure of damages. 289 Or at 252 n 6.

The factual setting of the dispute is plaintiff's disclosure to defendant of his idea for a new type of shoe, and his communication to defendant that, if it used his idea, he expected to be compensated. We next consider plaintiff's factual allegations to determine the legal theory derived from those facts.

Plaintiff contends that his first claim for relief alleges a breach of contract. Assuming the truth of the allegations, plaintiff developed an idea for footwear and offered to explain it to defendant, who encouraged him to develop the idea further. He offered his idea to defendant with the expressed expectation of being paid if it were used.

■■    Plaintiff does not allege the existence of an express contract. However, a contract implied in fact can arise "where the natural and just interpretation of the acts of the parties warrants such a conclusion." *Owen v. Bradley*, 231 Or 94, 103, 371 P2d 966 (1962). A contract implied in fact, like an express contract, is based on mutual expressions of assent. That assent and the terms of the parties' agreement may be inferred from the parties' conduct. We conclude that defendant's conduct in using plaintiff's idea gives rise to an inference that it agreed to compensate him. *See* 1 Corbin, *Contracts* § 18 (1963 and Supp 1992).

Plaintiff seeks as damages a reasonable royalty for footwear incorporating his idea, an accounting and the establishment of a constructive trust on profits made by defendant from the use of his idea. He does not seek any traditional tort damages.

■ After reviewing the complaint, considering plaintiff's theory as to the source of defendant's legal liability and the claimed measure of damages, we conclude that his first claim for relief sounds in contract.

■ Plaintiff entitles his second claim for relief a breach of quasi contract. A quasi contract is a contract implied in law. It is a remedial device to accomplish substantial justice by preventing unjust enrichment. *Derenco v. Benj. Franklin Fed. Sav. and Loan*, 281 Or 533, 577 P2d 477, *cert den* 439 US 1051 (1978). The elements of a quasi contract are a benefit conferred, awareness by the recipient that a benefit has been received and, under the circumstances, it would be unjust to allow retention of the benefit without requiring the recipient to pay for it. *See* 3 Corbin, *Contracts* § 561 (1963 and Supp 1992). For an injustice to be found, one of three things must be true:

"(1) the plaintiff had a reasonable expectation of payment;

"(2) the defendant should reasonably have expected to pay; or

"(3) society's reasonable expectations of security of person and property would be defeated by non-payment."
1 Corbin, *Contracts* § 19A (Supp 1992).

In this case, plaintiff alleges that, by disclosing his idea for a new shoe, he conferred a benefit on defendant. He told defendant that he expected payment if defendant used the idea. He contends that defendant incorporated his idea into a popular line of products and that, because he was not paid for its use, defendant has been unjustly enriched. Plaintiff seeks the same damages for both of his claims for relief.

■ After reviewing the second claim and considering plaintiff's theory of the legal source of defendant's liability and the claimed measure of damages, we conclude that his second claim for relief also sounds in contract.

■ We reject defendant's argument that the "gravamen" of plaintiff's claim is breach of confidence and misappropriation of his idea. Only two paragraphs of the complaint allege facts that might possibly support defendant's argument. One paragraph alleges, in part, that plaintiff disclosed

his idea to defendant in confidence with the expressed expectation of payment if it were used. The other paragraph alleges, in part, that all discussions between plaintiff and defendant were confidential, and that, because plaintiff reposed trust in defendant, which it accepted, a fiduciary relationship was established. Assuming that the allegations in those two paragraphs sound in tort, because we conclude that the gravamen of plaintiff's claims is an agreement implied in fact or in law not to use his idea without compensation, "[i]t would be unjust to bar an action merely because it contain[s] elements of both tort and contract." *Erickson Hardwood Co. v. North Pacific Lumber*, 70 Or App 557, 562, 690 P2d 1071 (1984), *rev den* 298 Or 705 (1985).

The statute of limitations for actions on express or implied contracts is six years. ORS 12.080. It was error for the trial court to dismiss plaintiff's claims as untimely.

Because of our disposition in this case, we do not reach plaintiff's final assignment of error.

Reversed and remanded.