Argued and submitted April 9, reversed and remanded October 13, 1999

## Steven N. MITCHELL,
*Appellant,*

*v.*

## THE TIMBERS,
*Respondent.*

## (97-CV-0169-ST; CA A103184)

987 P2d 1236

Warren John West argued the cause and filed the briefs for appellant.

Robert L. Nash argued the cause and filed the brief for respondent.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

DE MUNIZ, P. J.

**DE MUNIZ, P. J.**

Plaintiff appeals from the trial court's judgment dismissing this personal injury action with prejudice. We reverse.

Plaintiff was injured on November 17, 1995, when he was assaulted by two patrons in The Timbers, a tavern in Bend. On April 2, 1997, plaintiff filed a complaint, seeking damages for negligence, that named "THE TIMBERS" as the only defendant. The Timbers (defendant) is an assumed business name, *see* ORS 648.005(1), registered to Stanley Sanglier.[1] The summons, directed to "STANLEY SAN-GLIER, THE TIMBERS, DEFENDANT[,]" and complaint were served on Sanglier on April 15, 1997. Plaintiff subsequently filed an amended complaint that increased the amount of damages. On May 22, 1998, defendant filed a motion to dismiss for lack of jurisdiction over the subject matter, lack of jurisdiction over the person, insufficiency of summons or service of summons or process, failure to join a party under ORCP 29 and failure to state ultimate facts sufficient to constitute a claim. *See generally* ORCP 21 A. The gist of defendant's motion to dismiss was that plaintiff had failed to name as defendant an entity capable of being sued. The parties had corresponded and had begun discovery between the time the complaint was filed and the time defendant's ORCP 21 A motion to dismiss was filed. On June 5, 1998, plaintiff filed a motion for leave to file a second amended complaint that named as defendants: "STANLEY P. SANGLIER: THE TIMBERS: STANLEY P. SANGLIER d.b.a. THE TIMBERS: DOES 1-8." The proposed second amended complaint alleged that at all material times Sanglier "was listed with the Oregon Liquor Control Commission as the issuee of the license in effect for the Defendant the TIMBERS. Defendant SANGLIER held such license as STANLEY P. SANGLIER D.B.A. THE TIMBERS."

---

[1] The record contains a certificate from the Corporation Division of the Office of the Secretary of State indicating that "THE TIMBERS" was an inactive assumed business name on May 22, 1998. The certificate also indicates that The Timbers was filed as an assumed business name on April 5, 1991, and administratively canceled on April 6, 1995, for failure to renew. Neither party argues that the status of the registration affects this appeal.

The trial court denied plaintiff's motion for leave to file the second amended complaint and granted defendant's motion to dismiss plaintiff's first amended complaint. It reasoned that the action was not commenced against Sanglier within the statute of limitations, ORS 12.020, and that plaintiff's proposed amendment could not relate back to the action to avoid the statute of limitations. *See* ORCP 23 C. On appeal, plaintiff assigns error to the court's ruling granting defendant's motion to dismiss and the denial of plaintiff's motion to file a second amended complaint.

Plaintiff's principal argument on appeal is that ORCP 23 C allows the filing of an amended complaint after a statute of limitations has run if it relates back to an original filing made before the expiration of the statute of limitations. Plaintiff asserts that Sanglier had notice of the action before the statute of limitations expired. ORCP 23 C provides:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, such party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining any defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party brought in by amendment."

*See also Welch v. Bancorp Management Services*, 296 Or 208, 223, 675 P2d 172 (1983) (in applying ORCP 23 C relation back provisions, court notes that "we are admonished to construe the pleadings liberally with a view of substantial justice between the parties").

■ ORCP 23 C may, in some circumstances, be used either to substitute one defendant for another or to correct the name of a defendant who was named incorrectly in the original complaint. *Compare Herman v. Valley Ins. Co.*, 145 Or App 124, 928 P2d 985 (1996), *rev den* 325 Or 438 (1997)

(where plaintiff named and served wrong company with similar name to proper defendant, complaint did not relate back under ORCP 23 C because proper defendant did not receive notice within the statute of limitations) *with Johnson v. Manders*, 127 Or App 147, 872 P2d 420, *rev den* 319 Or 149 (1994) (where complaint named only the estate of deceased tortfeasor, amended complaint naming personal representative of deceased who was properly served related back to original complaint).

Plaintiff argues that the focus of ORCP 23 C is notice to the defendant of the plaintiff's claim before the expiration of the statute of limitations. He asserts that, because it is undisputed that Sanglier received notice of the claim within the statute of limitations and has not been prejudiced by plaintiff's failure to name him as a defendant, we should reverse the trial court's dismissal of the action and allow the second amended complaint to be filed.

Defendant responds that a complaint against a "fictitious name, a non-entity, which does not name or refer to any individual living person or entity capable of being sued, does not commence an action[,]" citing *Robinson v. Scott*, 81 Or 20, 158 P 268 (1916), as authority. Consequently, defendant argues, there is no action to which an amendment can relate back under ORCP 23 C. Defendant further argues that notice to a defendant of the claim before the expiration of the statute of limitations is insufficient to avoid the statute of limitations when a plaintiff has not filed a claim naming an individual capable of being sued before expiration of the statute of limitations. According to defendant, the cases relied on by plaintiff are distinguishable because they involved complaints naming persons capable of providing a basis for jurisdiction of the court. *See, e.g., Mills v. Feiock*, 229 Or 618, 622, 368 P2d 327 (1962) (executor filed general appearance that submitted him to jurisdiction of court); *Parker v. May*, 70 Or App 715, 690 P2d 1125 (1984), *rev den* 299 Or 31 (1985) (trial court did not abuse discretion in allowing amended complaint that changed name of plaintiff from father to son where original complaint notified defendants of claim and they knew about mistaken identity of plaintiff).

In reviewing the granting of a motion to dismiss, we assume the truth of all allegations, as well as any inferences that may be drawn, and view them in the light most favorable to the nonmoving party. *Jaqua v. Nike, Inc.*, 125 Or App 294, 296, 865 P2d 442 (1993). When the motion is granted based on the expiration of the statute of limitations, our review is limited to what appears on the face of the pleading. *See id.* Regarding the related motion to amend the complaint, we review the trial court's decision for abuse of discretion. *Jones v. Lachman*, 96 Or App 246, 249, 733 P2d 1, *rev den* 308 Or 184 (1989).

As noted above, defendant's assertion that the proposed second amended complaint does not relate back rests on the proposition that a complaint naming a defendant that is not a living person or a legal entity capable of being sued does not actually commence an action. *Robinson*, the case on which defendants rely, did indeed stand for that proposition:

> "When the complaint was filed it named J. S. Walker as the sole defendant, but he had died several months before the filing of the complaint, and consequently there was in reality no defendant at all. The very existence of a cause of suit implies that there is some competent person to be sued, and for that reason a suit cannot be maintained if a defendant is lacking * * *. There was no existing defendant at the time the complaint was filed, and therefore there was no action to abate or to continue * * *. A judgment against J. S. Walker would have been a nullity * * *, and the complaint upon which judgment was based would be as much of a nullity as the judgment itself. Since there was no action, there was nothing to amend or continue * * *." *Robinson*, 81 Or at 29 (citations omitted).

However, *Robinson* was decided well before the modern rule of procedure found in ORCP 23 C. In *Smith v. Wells*, 128 Or App 492, 876 P2d 850 (1994), we noted as much, concluding that, since *Robinson* was decided, the courts have followed " 'a legislatively directed trend away from strict construction of pleadings.' " *Id.* at 498, *quoting Adams v. Oregon State Police*, 289 Or 233, 240, 611 P2d 1153 (1980).

*Robinson* is analytically irreconcilable with case law applying ORCP 23 C to situations where a defendant has been misnamed in a complaint. In *Harmon v. Fred Meyer*,

146 Or App 295, 933 P2d 361 (1997), we addressed the proper application of ORCP 23 C to situations where a defendant has been misnamed in a complaint. In *Harmon*, the plaintiff named as a defendant "Interlake, Inc., a Delaware Corporation." At the time the complaint was filed there was no such entity as Interlake, Inc., operating in Oregon. *Id.* at 297. The plaintiff properly served his complaint on the entity he intended to sue, but that entity's actual name was "The Interlake Companies, Inc." *Id.* The trial court ruled that an amended complaint correcting the name of the defendant did not relate back to the original complaint and dismissed the action. *Id.* at 298. We disagreed. We stated that "there can be a circumstance when a party that has been served correctly but not correctly named in the original complaint is brought before the court by the complaint; in such a circumstance, an amendment of the pleading to correct the party's name does not result in a change of parties." *Id.* at 299. We stated the test to be applied in such situations:

> "If a plaintiff states a name other than defendant's, but serves the correct entity with a copy of the original complaint, and the correct entity should reasonably have understood from the pleadings that it is the entity intended to be sued, then an amendment of the pleadings to correct the misnomer does not bring in a new entity and is not a change in party. That conclusion is consistent with the requirements stated in ORCP 12 that pleadings be liberally construed and that defects in the pleadings be disregarded if they do not affect the substantial rights of the adverse party." *Id.* at 299-300.

We went on to conclude that the test had been satisfied, taking into account several factors: that the name shown in the caption of the original complaint was substantially similar to the defendant's correct name; that the allegations in the complaint accurately described the defendant's business and its relationship to the plaintiff; and that the summons correctly stated the defendant's name and was properly served. *Id.* at 302.

■   We turn to the application of the rule set forth in *Harmon* to the present case. First, it is clear that, in this case, plaintiff misnamed the defendant, rather than naming the wrong defendant. Thus, the case is analogous to *Harmon* and

*Johnson*; it is not analogous to *Herman*, where an incorrect entity that had nothing to do with the cause of action was named and served, while the entity that the plaintiff meant to sue had no notice of the suit. The correct entity to be sued in the present case is "Stanley Sanglier, dba The Timbers." The question before us is whether Sanglier, when served with a lawsuit naming "The Timbers" as defendant, "should reasonably have understood from the pleadings that [he] is the entity intended to be sued[.]" *Harmon*, 146 Or App at 299.

We have no doubt on this record that Sanglier understood from the pleadings that he was the entity intended to be sued. First, the summons correctly stated his name and was properly served. Second, the allegations in the complaint described the activity at Sanglier's tavern, "The Timbers," and the nature of the injury plaintiff sustained at the tavern. Third, the name shown in the original caption "THE TIMBERS"—is at least somewhat similar to the amended caption, "STANLEY P. SANGLIER d.b.a. THE TIMBERS." Several other factors, as well, lead us to conclude that Sanglier did, in fact, understand that he was the entity intended to be sued. There is, for example, no suggestion that there was any actual confusion about the nature or identity of "The Timbers" tavern where plaintiff sustained his injuries; there is no argument that any entity or individual other than Sanglier did business as "The Timbers," or that Sanglier was misled or prejudiced in any way by the misnaming. Moreover, before plaintiff moved to file the amended complaint, the parties engaged in a substantial amount of discovery, wherein defendant, as named, agreed to provide documents showing the ownership of The Timbers at the relevant times, as well as documents identifying the employees who were employed by The Timbers at the relevant times. Given that it is undisputed that Sanglier was doing business as The Timbers at the relevant times, it can be inferred from the discovery activities that Sanglier understood that he, doing business as The Timbers, was being sued.

Under the circumstances presented in this case, we conclude that plaintiff's proposed second amended complaint relates back to his original complaint under ORCP 23 C, because, although defendant originally was misnamed, Sanglier should reasonably have understood, and in fact did

understand, that he was the entity intended to be sued. *Harmon*, 146 Or App at 299. The trial court indicated that, although it found the result to be inequitable, it felt compelled to reach the conclusion that it did because there was no person named in the original complaint. As explained above, that is not the test of whether an amendment to correct a defendant's name relates back to the original complaint. We conclude that the trial court abused its discretion in denying plaintiff's motion to amend his complaint and consequently that the trial court erred in granting defendant's motion to dismiss.

Reversed and remanded.