Submitted on record and briefs November 19, 2002, reversed and remanded
January 8, 2003

# HANS WICKIZER,
*Appellant,*

*v.*

# Guy HALL,
Superintendent,
Oregon State Correctional Institution,
*Respondent.*

## 01C-14980; A116526

60 P3d 1124

Scott B. Howell filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Denise G. Fjordbeck, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Kistler and Schuman, Judges.

KISTLER, J.

**KISTLER, J.**

Plaintiff appeals from a judgment dismissing his petition for a writ of habeas corpus. Defendant moved to dismiss the petition on the ground that plaintiff's failure to appeal from the order revoking his parole barred him from seeking habeas corpus relief. Plaintiff contends that, because he never received notice of the parole revocation hearing, he was not on notice that he needed to appeal from the revocation order. On this record, plaintiff's argument is well taken. We accordingly reverse the trial court's judgment and remand for further proceedings.

Because this appeal arises on defendant's motion to dismiss, we state the facts in the light most favorable to plaintiff. *See Mitchell v. The Timbers*, 163 Or App 312, 317, 987 P2d 1236 (1999).[1] In late October or early November of 1999, plaintiff was arrested for a parole violation. He was released shortly thereafter for reasons that are not apparent from the record. The parole board revoked plaintiff's parole on November 18, 1999. However, plaintiff was never served with notice of a revocation hearing, nor was he notified that his parole had been revoked. Plaintiff was arrested the following year, on October 5, 2000, apparently because of the parole revocation order issued on November 18, 1999. When he was arrested, plaintiff learned that his parole had been revoked.

In June 2001, plaintiff filed a petition for a writ of habeas corpus, claiming that he was being held unlawfully because, among other things, he had not received a hearing before his parole was revoked. Defendant filed a motion to dismiss and has raised two arguments in support of the motion. Before the trial court, defendant argued that,

---

[1] The facts are taken in large part from plaintiff's affidavit, which he filed with his response to defendant's motion to dismiss his petition. Defendant argues that plaintiff's response was untimely and that, therefore, we should not consider either it or the accompanying affidavit. However, the record shows that plaintiff served the response on defendant in a timely fashion, that plaintiff filed the response with the trial court five days later, that defendant did not object below to the late filing, and there is no evidence that the trial court did not accept the response. We decline to accept defendant's argument, raised for the first time on appeal, that we should not consider the response or the affidavit.

because plaintiff had not appealed from the order revoking his parole, he was barred from petitioning for habeas to challenge that order. Before our court, defendant argues that, because plaintiff absconded, he cannot complain about the lack of notice. We address each argument in turn.

■ The difficulty with defendant's first argument is that, on this record, we must assume that plaintiff did not receive notice of the parole revocation hearing or the claimed parole violations against him. Defendant does not dispute that the board was required to provide plaintiff with notice of the hearing. The United States Supreme Court has held that due process requires that parolees be given, among other things, written notice of the claimed violations of parole before their parole can be revoked. *Morrissey v. Brewer*, 408 US 471, 489, 92 S Ct 2593, 33 L Ed 2d 484 (1972); *see also Waltz v. Bd. of Parole*, 18 Or App 652, 526 P2d 586 (1974).[2] If, as the record before us shows, plaintiff did not receive notice of either the hearing or the order revoking his parole, his failure to appeal from the order cannot bar him from seeking habeas corpus relief to vindicate his constitutional rights. In that procedural posture, defendant's first argument fails.

■ On appeal, defendant advances a different argument. He contends that plaintiff absconded and that, as a result, plaintiff cannot complain about the lack of notice. Specifically, defendant argues:

> "[Plaintiff] admits in his response that he was arrested for a parole violation. [Plaintiff] was released from the county jail before the notice of hearing was given to him. Implicit in [plaintiff's] statements is the admission that he absconded [from] supervision upon his release from custody."

---

[2] The process that is due is an informal hearing to determine factual matters—generally known as a *Morrissey* hearing. As part of that hearing, the parolee has the right to

"(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.".

*Morrissey*, 408 US at 489.

(Internal citations omitted.) Because plaintiff made himself unavailable for service of notice, defendant contends, he waived his right to appear at the revocation hearing. The record below, however, is devoid of any direct evidence that plaintiff absconded. Although defendant argues that the inference that plaintiff absconded is implicit in his statements, the inference is at best a weak one. In any event, on defendant's motion to dismiss, we are obligated to draw any inferences in the light most favorable to plaintiff, not defendant. *Mitchell*, 163 Or App at 317. On this record, we cannot accept defendant's argument that plaintiff absconded and thus waived his right to appear at the hearing.[3]

Reversed and remanded.

---

[3] Because plaintiff's first assignment of error is dispositive, we do not reach his second assignment of error that his future dispositional hearing was late.