Argued and submitted April 21, affirmed June 12, petition for review denied October 2, 2003 (336 Or 60)

Jolene SMITH,
*Appellant,*

*v.*

AMERICAN LEGION POST 83,
an Oregon nonprofit organization;
and Steve Handran,
*Respondents,*

*and*

Padrick BUTLER,
*Defendant.*

16-00-20495; A116941

71 P3d 136

William D. Stark argued the cause and filed the briefs for appellant.

Robert J. Smith argued the cause and filed the brief for respondents.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Plaintiff appeals a summary judgment dismissing her claims on the ground that they are time barred. We affirm.

The relevant facts are not in dispute. Plaintiff worked as a bartender and bar manager for North Eugene-Santa Clara Post 83, The American Legion (Santa Clara Post 83), a nonprofit corporation registered with the Secretary of State under that name. Its registered agent is Clarence Dodson. There exists a separate corporation, American Legion Post 83 SAL. It, too, is a nonprofit corporation registered with the Secretary of State under that name. Its registered agent is Bob Sloan. The two organizations are separate corporations, but they are related in that one consists of members of the American Legion, while the other consists of the children of members of the American Legion.

Plaintiff filed a complaint, alleging wrongful discharge and other employment-related torts, based on acts that occurred between October 23 and November 23, 1998. The complaint denominates "American Legion Post 83" and "Steve Hedron," actually Steve Handran, a member of the executive committee of Santa Clara Post 83, as the defendants.[1] The complaint and filing fees were tendered to the court on October 13, 2000. The clerk's office stamped the complaint as "filed" on October 13, 2000. The receipt for the filing fee, however, is stamped "Received, Oct 18, 2000."

On December 5, 2000, plaintiff served Bob Sloan, the registered agent for American Legion Post 83 SAL, with a summons and complaint. On December 14, 2000, plaintiff left a copy of a summons and complaint for Handran with a bartender at the place of business of Santa Clara Post 83.

Santa Clara Post 83 and Handran moved for summary judgment on the ground that the action was time barred. They argued that, because the complaint was filed

---

[1] The complaint also named Padrick Butler, actually spelled Padraic Butler, as a defendant, but he was later dismissed from the case, and plaintiff does not challenge that dismissal on appeal.

only days before the running of the applicable two-year statute of limitations,[2] under ORS 12.020, plaintiff had 60 days within which to serve them. That meant that service had to be accomplished by December 13, 2000. In this case, they argued, neither of them was served by that date. Plaintiff served only the registered agent for the wrong corporation during the 60-day period. The attempted service of Handran on the bartender at the proper party's place of business was a day late. Plaintiff argued that service on American Legion Post 83 SAL, was sufficient to constitute service on Santa Clara Post 83 because "[d]efendant knew it was being sued" within the 60-day period. Plaintiff further argued that the service on Handran on December 14, 2000, by means of office service on the bartender, was timely because it occurred within 60 days of the filing of the complaint, which plaintiff contends occurred on October 18, the date that the court registered its receipt of her filing fees. Handran argued that the date of filing was October 13, 2000, and that the service was therefore untimely. The trial court agreed with defendants and granted their motion for summary judgment.

■　　On appeal, plaintiff first assigns error to the trial court's entry of summary judgment on her claim against Santa Clara Post 83. Citing *Mitchell v. The Timbers*, 163 Or App 312, 319, 987 P2d 1236 (1999), and *Johnson v. Manders*, 127 Or App 147, 151, 872 P2d 420, *rev den*, 319 Or 149 (1994), plaintiff argues that, even though she named the wrong parties, the complaint should be regarded as timely filed because the right parties should have understood from the allegations of the complaint that they were being sued. Particularly in light of ORCP 12, she argues, the technical defect in her pleading should not be the basis for its dismissal.

Santa Clara Post 83 and Handran argue that the trial court correctly dismissed the complaint. Citing *Richlick v. Relco Equipment, Inc.*, 120 Or App 81, 852 P2d 240, *rev den*, 317 Or 605 (1993), they argue that, when the right parties are not served within the statute of limitations, it does not matter whether they could have determined that the

---

[2] None of the parties cites the applicable two-year statute of limitations. We presume that it is ORS 12.110(1), which applies to tort actions not otherwise subject to a specific statute of limitations.

complaint was intended to be directed at them. We agree with defendants.

ORS 12.020(2) provides:

"If the first publication of summons or other service of summons in an action occurs before the expiration of 60 days after the date on which the complaint in the action was filed, the action against each person of whom the court by such service has acquired jurisdiction shall be deemed to have been commenced upon the date on which the complaint in the action was filed."

In *Richlick*, the plaintiff had been injured while operating a locomotive owned and maintained by Relco Locomotives, Inc. Three days before the running of the applicable statute of limitations, the plaintiff filed a complaint naming as defendant "Relco Equipment, Inc., an Illinois corporation, also known as Relco Locomotive Northwest, Inc.," a related entity that was separately incorporated. *Id.* at 83. Five days later— that is, two days after the running of the statute of limitations—the plaintiff served the registered agent for Relco Locomotive Northwest, Inc., who forwarded a copy to Relco Locomotives, Inc. After the 60-day period had expired, Relco Equipment, Inc., moved to dismiss the complaint on the ground that it was time barred. The plaintiff moved for leave to amend the complaint to name the correct defendant, Relco Locomotives, Inc., under ORCP 23 C. The court allowed the motion. The properly named defendant then moved for summary judgment on the ground that the claim was time barred. The trial court granted the motion.

On appeal, the plaintiff argued that the filing of the complaint was timely under ORCP 23 C, which provides that an amendment relates back to the date of filing if, among other things, the defendant received notice of the action "within the period provided by law for commencing the action." *Id.* at 85. According to the plaintiff, because Relco Locomotives, Inc., received notice of the action within 60 days of the filing of the complaint, the amendment correctly naming it as the defendant related back to the filing date. We disagreed, holding that, "[f]or purposes of relation back under ORCP 23 C, the party to be brought in must have received notice of the action within the period of limitations for the

particular action," not the limitation period plus 60 days. *Richlick*, 120 Or App at 85.

In *Johnson*, the plaintiff was injured in an auto accident in which the driver of the other vehicle was killed. The plaintiff filed a complaint naming the other driver's estate as the defendant. The caption of the complaint referred to the estate, but failed to name the personal representative. In the body of the complaint, however, the plaintiff named the personal representative. The plaintiff served the personal representative within the applicable statute of limitations. The personal representative moved to dismiss for want of personal jurisdiction because he was not named in the caption. The trial court allowed the motion. The plaintiff then moved to amend to add the personal representative. By that time, however, the statute of limitations had run. The personal representative again moved to dismiss, this time on the ground that the action was time barred. The trial court granted the motion.

On appeal, the plaintiff argued that the trial court had erred in dismissing both the first and the second complaints. We reversed, holding that the trial court indeed had erred in dismissing the first complaint. We reasoned that the failure to name the personal representative in the caption was a technical defect that was not dispositive in light of the fact that the body of the complaint so clearly identified the personal representative as the target of the complaint. *Johnson*, 127 Or App at 150-51. In *dictum*, we suggested that the trial court also had erred in dismissing the second complaint as time barred. We concluded that, because the personal representative had been served within the statute of limitations, the amendment specifically naming him related back to the date of filing. *Id.* at 152.

Finally, in *Mitchell*, the plaintiff was injured when assaulted by two patrons of a local tavern, The Timbers. The plaintiff filed a complaint naming The Timbers as the sole defendant. "The Timbers" was an assumed business name registered to Stanley Sanglier. The plaintiff served Sanglier before the running of the applicable statute of limitations. The summons was directed to "Stanley Sanglier, The Timbers, defendant." 163 Or App at 314. The Timbers moved

to dismiss on the ground that, among other things, the complaint failed to name an entity capable of being sued. The plaintiff filed a motion for leave to amend to name as defendant "Stanley P. Sanglier d.b.a. The Timbers." *Id.* By that time, however, the statute of limitations had run. The trial court denied the motion for leave to amend and granted the motion to dismiss.

We reversed. We held that the trial court had abused its discretion in denying the motion to amend and that, under ORCP 23 C, the amendment would relate back to the date of filing because the body of the original complaint plainly named the proper defendant and the proper defendant had received notice before the statute of limitations had run. *Id.* at 319.

This case is controlled by *Richlick.* As in *Richlick,* the complaint names an entity that, although related, is a separate corporation from the proper defendant. And, as in *Richlick,* the proper defendant did not receive notice of the complaint until after the statute of limitations had run. In this case, plaintiff did not even attempt to amend the complaint to cure the defect; even if she had, because the proper defendant did not receive notice of the complaint until after the statute of limitations had run, under *Richlick,* the amendment would not have related back.

*Johnson* and *Mitchell* are plainly distinguishable. In both cases, the proper defendants had been served before the running of the statute of limitations. In that context—and only in that context—we held that technical defects in naming the parties were not fatal. In this case, as we have noted, neither party disputes that Santa Clara Post 83 received no notice of the complaint until after the applicable statute of limitations had run. We conclude that the trial court did not err in entering summary judgment for Santa Clara Post 83.

■ Plaintiff next assigns error to the trial court's entry of summary judgment in favor of defendant Handran. According to plaintiff, she timely served Handran by office service on December 14, 2000, which is within 60 days of October 18, 2000, which she contends must be considered the date of the filing of the complaint, because that is the date that the court registered the receipt of her filing fee. Plaintiff

acknowledges that she deposited the complaint and tendered the filing fee with the court on October 13, 2000, and that the clerk's office marked the complaint as "filed" on that date. She argues that, because the receipt for the filing fee was not generated until five days later, "the [c]ourt should be estopped from establishing an earlier date of filing." Handran argues that, as plaintiff implicitly concedes, the complaint was filed on October 13, 2000, and that estoppel simply does not apply to a nonparty. We agree with Handran and reject the assignment of error without further discussion.

Affirmed.