Argued and submitted February 23, reversed and remanded June 22, 2005

John M. McLAIN,
*Appellant,*

*v.*

MALETIS BEVERAGE,
an assumed business name of
RM Beverage Delaware, LLC,
a foreign limited liability company,
*Defendant,*
*and*

MB ACQUISITIONS, INC.,
an Oregon corporation,
dba Maletis Beverage,
*Respondent.*

0110-10630; A121286

115 P3d 938

Lindsey H. Hughes argued the cause for appellant. With her on the briefs was Keating Jones Bildstein & Hughes PC.

Patricia Condon argued the cause for respondent. On the brief were M. Robert F. Smith and Smith Freed & Eberhard, P.C.

Before Haselton, Presiding Judge, and Linder and Ortega,* Judges.

LINDER, J.

---

* Ortega, J., *vice* Richardson, S. J.

**LINDER, J.**

The issue in this appeal is whether an amended complaint naming the correct defendant in an action relates back to the date of the original complaint if the newly named defendant had notice of the action, but was not served with the complaint, before the statute of limitations expired. The trial court concluded that ORCP 23 C does not permit relation back in that circumstance and granted summary judgment in favor of defendant. We reverse and remand.

Plaintiff's claim arises out of a June 5, 2000, automobile accident between plaintiff's vehicle and a truck owned by Maletis Beverage. At the time of the accident, Maletis Beverage was an assumed business name of MB Acquisitions, Inc. (defendant). Defendant was then owned by the Maletis brothers—Chris, Robert, and Tom. Within days of the accident, however, Robert Maletis left defendant corporation and formed a separate corporation, RM Beverage Delaware, LLC (RM Beverage), which purchased the business rights and certain assets of Maletis Beverage from defendant. The other two brothers—Chris and Tom—remained the owners of defendant corporation. Thus, when the Maletis Beverage truck was involved in the accident with plaintiff, Maletis Beverage was the assumed business name of defendant. Only days later, however, it became the assumed business name of RM Beverage.

Plaintiff eventually filed a negligence claim as a result of the accident. Plaintiff did so on October 17, 2001, more than seven months before the expiration of the two-year statute of limitations.[1] In the complaint, plaintiff named RM Beverage as the defendant—*i.e.*, "MALETIS BEVERAGE, an assumed business name of RM BEVERAGE DELAWARE LLC[.]" Plaintiff then served RM Beverage with the complaint. In its answer, RM Beverage pointed out the mistake. Plaintiff did not move to amend the complaint to name defendant until after the statute of limitations had expired. The trial court allowed the amendment, and plaintiff then served defendant with the amended complaint.

---

[1] Under ORS 12.110(1) the statute of limitations for a negligence claim is two years; therefore, the limitations period for plaintiff's claim expired on June 5, 2002.

Before trial, defendant moved for summary judgment on the ground that plaintiff did not file his negligence action against defendant within the time required by the statute of limitations. In support of the motion, defendant argued that the amendment naming defendant in place of RM Beverage did not relate back to the date of the original filing under ORCP 23 C because defendant was not served with the complaint before the expiration of the statute of limitations. The trial court agreed, and granted summary judgment in defendant's favor. Plaintiff now appeals, challenging that ruling.

When a grant of summary judgment is the result of a substantive legal conclusion, we review that conclusion for errors of law. *See Wallace v. Hinkle Northwest, Inc.*, 79 Or App 177, 179, 717 P2d 1280 (1986). Accordingly, we must determine whether the trial court committed legal error in concluding that, for relation back to apply, a party brought in by amendment must be served within the time required by the statute of limitations. Plaintiff argues that the plain language of ORCP 23 C and our case law applying that rule require notice, not service, to the party brought in by amendment. We agree.

Because the text of ORCP 23 C is unambiguous, our analysis of the rule's requirements begins and ends there. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993) (explaining methodology for statutory interpretation). ORCP 23 C provides that an amendment changing the name of the party against whom a claim is asserted relates back to an original pleading

"[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, * * * and, within the period provided by law for commencing the action against the party to be brought in by amendment, such party (1) has received such *notice* of the institution of the action that the party will not be prejudiced in maintaining any defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party brought in by amendment."

(Emphasis added.)

Expressly, the statute requires *notice* to the party brought in by amendment, not *service*, within the limitations period. Consistently with the express text, our cases have identified notice as the key procedural event that triggers relation back to the date of an original complaint, if the other requirements of the rule are satisfied. *See Krauel v. Dykers Corp.*, 173 Or App 336, 21 P3d 1124 (2001) (ORCP 23 C requires that the defendant brought in by amendment have "notice of the institution of the action" within the limitations period); *see also Herman v. Valley Ins. Co.*, 145 Or App 124, 928 P2d 985 (1996), *rev den*, 325 Or 438 (1997) (same); *Richlick v. Relco Equipment, Inc.*, 120 Or App 81, 852 P2d 240, *rev den*, 317 Or 605 (1993) (same); *Jones v. Lachman*, 96 Or App 246, 773 P2d 1, *rev den*, 308 Or 184 (1989) (same). To read the requirement of service into the statute would require us to add terms that are not there, which we cannot do. *See* ORS 174.010 (in construing a statute the court is "not to insert what has been omitted"). Nor would it make sense to read the rule that way. If an amended pleading naming a new party were served on that party *before the statute of limitations expired*, the amended pleading would itself be timely and would not need to relate back to the date of the original pleading. In effect, ORCP 23 C would be superfluous.[2]

Defendant nonetheless argues that the trial court's ruling is supported by *Smith v. American Legion Post 83*, 188 Or App 139, 71 P3d 136, *rev den*, 336 Or 60 (2003). In *Smith*, the complaint was filed before the statute of limitations expired and named the wrong defendant corporation. *Id.* at 141. Within 60 days of filing the complaint, but after the statute of limitations expired, plaintiff served the complaint on the registered corporate agent for the wrong corporate defendant. *Id.* Because the correct corporate defendant was a

---

[2] To be sure, we have concluded that the *notice* requirement of ORCP 23 C was satisfied by *service* during the statute of limitations period. *E.g., Mitchell v. The Timbers*, 163 Or App 312, 319, 987 P2d 1236 (1999). That case involved circumstances in which the originally filed complaint named the wrong defendant but was served on the correct defendant before the expiration of the statute of limitations. In concluding that the plaintiff's proposed amended complaint related back to the original complaint, we noted that timely service on the proper defendant was important in that case because, under the circumstances involved, the service provided *notice* to the correct defendant as required by ORCP 23 C. *Id.* at 319-20.

related entity, the plaintiff argued that service on the misnamed corporate defendant provided the proper defendant with notice of the action. *Id.* at 142.

We rejected the plaintiff's argument in *Smith*, noting at the outset of our analysis that we agreed with the defendants that, "when the right parties are not served within the statute of limitations, it does not matter whether they could have determined that the complaint was intended to be directed at them." *Id.* at 142-43. That statement, however, must be viewed in the context of the particular circumstances involved in *Smith* and our analysis of them. Quoting from *Richlick*, we observed that, " '[f]or purposes of relation back under ORCP 23 C, the party to be brought in must have received notice of the action within the period of limitations for the particular action,' not the limitation period plus 60 days." *Id.* at 143-44. We accepted the proposition that service on the misnamed defendant in *Smith* provided notice to the proper defendant. Even so, because that service occurred after the statute of limitations had run,[3] "the proper defendant did not receive notice of the complaint until after the statute of limitations had run[.]" *Id.* at 145. In the course of our discussion, we distinguished two cases in which, unlike in *Smith*, service occurred within the limitations period and provided notice to the proper defendant within the time that ORCP 23 C requires. *Id.* at 144-45.

■    Thus, our focus on "service" in *Smith* was not on service for the sake of service but rather on service as the means by which, in those particular circumstances, *notice* was provided to the proper defendant. Contrary to defendant's reliance on *Smith*, that case does not hold that relation back under ORCP 23 C requires that a proper defendant be served within the limitations period, rather than receive notice within that time. *Smith* stands merely for the proposition that, when a party relies on service as satisfying the notice requirement of ORCP 23 C, the service must have occurred within the statute of limitations period rather than

---

[3] ORS 12.020(2) permits service to be made within 60 days of the filing of the complaint and, if so made, deems the court to have jurisdiction over each person so served as of the date on which the complaint was filed. Thus, when, as in *Smith*, a complaint is filed just before the statute of limitations period expires, service can be timely even when it occurs after the limitations period.

the limitations period plus 60 days. Service is one means by which a party may acquire notice, but it is not the only one. And notice, not service, is what ORCP 23 C requires.

The trial court therefore erred in granting summary judgment on the basis that relation back applies only when the party brought in by amendment is served before the statute of limitations expires. Because the trial court granted defendant's summary judgment motion on that ground, it did not determine whether the requirements of ORCP 23 C were met as a matter of law or whether disputed issues of material fact remain. We remand to the trial court to resolve those questions in the first instance. *See Coats v. ODOT*, 188 Or App 147, 153, 71 P3d 172 (2003), *rev den*, 336 Or 509 (2004).

Reversed and remanded.