**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AZEWEN-JIK KANTE, | No. 09-35067 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-01407-HU |
| v. | |
| NIKE, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted January 20, 2010[**]
San Francisco, California

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

Azewen-Jik Kante appeals pro se from the district court's grant of summary

judgment in favor of Nike, Inc. on statute of limitation grounds. We review a

district court's grant of summary judgment on statute of limitation grounds de

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo. Sea Hawk Seafoods, Inc. v. Locke, 568 F.3d 757, 764 (9th Cir. 2009). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The facts of this case are known to the parties. We do not repeat them.

The most favorable limitations period for each of these claims is six years.[1] See Everman v. Lockwood, 925 P.2d 128, 129–30 (Ct. App. Or. 1996) (conversion); Jaqua v. Nike, Inc., 865 P.2d 442, 446 (Ct. App. Or. 1993) (implied in law contracts). Construing the facts in the light most favorable to Kante, she became aware of Nike's alleged breach and conversion by July 2001 at the latest. She filed suit in September 2007.

Kante also does not make a valid fraudulent concealment claim that would allow tolling of the limitation period. See Chaney v. Fields Chevrolet Co., 503 P.2d 1239, 1241 (Or. 1972) (requiring wrongful concealment of material facts actually preventing plaintiff's discovery of the wrong committed).

**AFFIRMED.**

---

[1] Nike contends that the correct limitation period is three years under the Oregon Trade Secrets Act. As Kante would fail to meet even the more favorable six-year limitation period, the court does not need to decide which period applies.

2