DeVORE, P. J.
*1147 *601 This appeal decides the reach of a statute, ORS 471.565(1), that prohibits a patron from bringing a liquor liability claim against the establishment that overserved the patron. This appeal presents the question whether that statute prohibits a patron from impleading a tavern into the claim brought by a person injured by the intoxicated patron. Defendant Roe appeals from a limited judgment that dismissed his third-party complaint that sought to implead two taverns into plaintiff Wilda's action against Roe for plaintiff's personal injuries. We conclude that ORS 471.565(1), which we quote and explore later, does not prohibit a defendant patron from impleading a tavern into a plaintiff's personal injury claim.[1]
In reviewing the order granting the motion to dismiss, we assume the truth of the allegations of Roe's third-party complaint and any inferences that may reasonably be drawn from those allegations. We view the facts in the light most favorable to the non-moving party. Mitchell v. The Timbers , 163 Or. App. 312, 317, 987 P.2d 1236 (1999).
Plaintiff Wilda alleged that he was in bed asleep at home when a pickup truck, driven by Roe, crashed through a wall and came to rest on top of him. Wilda alleged that Roe had spent the night drinking at a tavern, fallen asleep while driving, lost control of the pickup, and negligently caused Wilda serious injuries. He alleged $570,898 in economic and noneconomic injuries.
Roe admitted negligence and asserted a third-party complaint against B & B Wachter, Inc., doing business as Round Butte Inn (Round Butte), and L & K SEMM, Inc., doing business as Desert Inn Bar and Grill, Inc. (Desert Inn).
*602 Roe alleged, among other things, that the taverns had served him while he was visibly intoxicated. His third-party complaint alleged that, if plaintiff Wilda should recover against Roe, the taverns should contribute to payment of those damages in proportion to their share of fault.
Desert Inn filed a motion to dismiss the third-party claim for failure to state facts sufficient to constitute a claim for relief. Round Butte joined the motion. Both argued that ORS 471.565(1) broadly prohibits an intoxicated patron from bringing any cause of action, including third-party claims, against the server of alcohol, when the claim is based on service of alcoholic beverages, regardless whether the claim involves the personal injuries of the intoxicated patron or a person injured by the intoxicated patron. Roe responded that the statute prohibits an intoxicated patron from bringing a liquor liability claim for the patron's injuries but does not prohibit the patron from impleading liquor establishments to help pay for personal injuries to a person injured by the intoxicated patron.
The trial court concluded that Roe's "ability to recover from Third Party Defendants is specifically prohibited by the legislature." The court reasoned,
"If the point of ORS 471.565(1) is to prevent intoxicated patrons from recovering against bars, then allowing them to plead third party complaints against the bars, thereby reducing their own liability, would be an end run around the legislature's intent."
The court perceived that "[t]he text and legislative intent appear to prohibit Roe from making third party claims against [Round Butte] and Desert Inn." The court dismissed the third-party complaint and entered a limited judgment in favor of Round Butte and Desert Inn.
On appeal, the parties reprise their arguments. Roe argues that ORS 471.565(1) was intended only to prohibit an intoxicated patron from bringing a claim against a tavern for the patron's own injuries and was not *1148 intended to prohibit the patron from impleading taverns to contribute to paying damages for an innocent person injured by an intoxicated patron. Desert Inn and Round Butte argue that the *603 statute "unambiguously prohibits any cause of action by a patron against a server based on a claim of over-service."
The search for an answer begins with the text of the statute, which we take to be the best indication of legislative intent. State v. Gaines , 346 Or. 160, 171, 206 P.3d 1042 (2009). In relevant part, ORS 471.565(1) provides:
"A patron or guest who voluntarily consumes alcoholic beverages served by a person licensed by the Oregon Liquor Control Commission * * * does not have a cause of action, based on statute or common law, against the person serving the alcoholic beverages, even though the alcoholic beverages are served to the patron or guest while the patron or guest is visibly intoxicated. The provisions of this subsection apply only to claims for relief based on injury, death or damages caused by intoxication and do not apply to claims for relief based on injury, death or damages caused by negligent or intentional acts other than the service of alcoholic beverages to a visibly intoxicated patron or guest."
Taken in isolation, the first sentence of ORS 471.565(1) speaks in terse terms when saying that a patron "does not have a cause of action" against an alcohol establishment for serving the patron while visibly intoxicated. By itself, that sentence provides some support for the taverns' arguments and the trial court's conclusion.[2] We do not, however, read a disputed provision in isolation. Instead, "we construe each part [of a statute] together with the other parts in an attempt to produce a harmonious whole." Lane County v. LCDC , 325 Or. 569, 578, 942 P.2d 278 (1997). In doing so, "we consider all relevant statutes together, so that they may be interpreted as a coherent, workable whole." Unger v. Rosenblum , 362 Or. 210, 221, 407 P.3d 817 (2017).
The second sentence of ORS 471.565(1) relates to the first sentence, and its first clause is significant. The second sentence begins with the clause that states, "The *604 provisions of this subsection apply only to claims for relief based on injury, death or damages caused by intoxication * * *." The second sentence means that the first sentence is not merely about any "cause of action." The second sentence reflects that the prior sentence involves "claims for relief based on injury, death or damages." Read together, the prohibition in subsection (1) is a prohibition on "cause[s] of action" that are "claims for relief based on injury, death or damages caused by intoxication." What is unclear is whether the third-party complaint in this case-one that seeks to add a defendant for purposes of a comparative fault assessment under ORS 31.600 to ORS 31.610 -involves that type of "cause of action."
On this point, we find legislative history of ORS 471.565, and the broader statutory context of Oregon's comparative fault scheme, to be helpful. ORS 471.565 was enacted in 2001. Or. Laws 2001, ch. 543, § 1. Its history has been recounted in recent decisions. Deckard v. Bunch , 358 Or. 754, 790-91, 370 P.3d 478 (2016) ; Schutz v. La Costita III, Inc. , 288 Or. App. 476, 486-87, 406 P.3d 66 (2017). The part of the legislation that became ORS 471.565(1), was written in response to Fulmer v. Timber Inn Restaurant and Lounge, Inc. , 330 Or. 413, 9 P.3d 710 (2000), which held that a patron may bring an action against an alcohol establishment that negligently provided alcohol when the patron was already visibly intoxicated. Id. at 427, 9 P.3d 710. The action, brought by a husband and wife, was a claim based on injuries suffered when the husband, having been served in excess, fell down stairs and was injured.
Responding to Fulmer , the Oregon Restaurant Association promoted Senate Bill (S.B.) 925 in 2001. The Association's spokesman described the legislation frankly. He explained that "if you drink, become intoxicated on your own accord, and hurt yourself , *1149 * * * you cannot seek damages from the licensee." Tape Recording, Senate Committee on Judiciary, S.B. 925, Mar. 13, 2001, Tape 57, Side A (statement of Bill Perry) (emphasis added). The focused nature of the amendment was highlighted when S.B. 925 was amended to permit a patron to bring claims other than for intoxication, such as an ordinary slip and fall on the premises. That amendment is the latter clause of the second sentence in the *605 current subsection (1), which provides that the prohibition does not apply "to claims for relief based on injury, death or damages caused by negligent or intentional acts other than the service of alcoholic beverages to a visibly intoxicated patron or guest." (Emphasis added.) When explaining that amendment to the committee, legislative counsel referred to the intent of the legislation, as well as the amendment. He advised:
"The -1 amendments that you have, which apparently came from the Trial Lawyers Association, basically are just addressed, as Mr. Perry indicated, towards making sure that the only thing that the amendment did was to reinstate the limitational liability by reason of injuries you suffer by reason of your own intoxication . And not to take out the scenario where in fact there was defective stairs, or failure to light, or some of the other things that can occur, so that if you have a claim based on that, these amendments to the Dramshop Act won't limit that liability."
Tape Recording, Senate Committee on Judiciary, S.B. 925, Mar. 13, 2001, Tape 57, Side A (statement of Dave Heynderickx, Deputy Legislative Counsel) (emphasis added).
The evident intent to proscribe a claim by the intoxicated patron for the patron's own injuries was reflected in discussions among legislators. Legislators were conscious of a distinction between barring an intoxicated patron from bringing a claim for the patron's own injuries and assuring that an innocent person injured by an intoxicated patron could still recover against an alcohol establishment. In the House Judiciary Committee, Representative Shetterly highlighted the distinction:
"I think what this says is that for the purpose of dram shop liability, or host liability, that if you've got somebody who's voluntarily-and I think that's an important word in the bill, voluntarily-consumes alcohol, and then goes out and as a consequence of their intoxication, injures themselves, or causes harm to themselves, even, in the bill, up to death, that the host, the provider, is not liable for that person's injuries. It's a narrowing of dram shop liability.
"I think it's worth pointing out again that it doesn't apply to injuries that are caused to third parties , so if that person goes out and is in an automobile accident and kills *606 or injures somebody else, that business owner or host is still going to be liable to the third party."
Tape Recording, House Committee on Judiciary, S.B. 925, Mar. 13, 2001, Tape 69, Side A (statement of Representative Lane Shetterly) (emphasis added).
Based on that legislative history, we recognize that ORS 471.565(1) was deliberately focused on prohibiting the claim of the injured patron for the patron's own injuries based on service of alcohol. However, there is no indication that the legislature intended to address the matter of comparative fault or the issue posed by this case-whether a patron may implead a liquor establishment to share in paying for the injuries to the innocent person injured by the intoxicated person.
The legislature's silence on that point is telling, given the well-established comparative fault scheme that existed when the statute was enacted. That is, when adding ORS 471.565(1), the legislature did so in the larger context of the existing scheme of apportioning fault among responsible parties. In relevant part, ORS 31.600(2) provides:
"The trier of fact shall compare the fault of the claimant with the fault of any party against whom recovery is sought, the fault of third party defendants who are liable in tort to the claimant, and the fault of any person with whom the claimant has settled. The failure of a claimant to make a direct claim against a third party defendant does not affect the requirement that the fault of the third party defendant be considered by the trier of fact under this subsection ."
*1150 (Emphasis added.) In relevant part, ORS 31.610(2) provides:
"In any action described in subsection (1) of this section, the court shall determine the award of damages to each claimant in accordance with the percentages of fault determined by the trier of fact under ORS 31.605 and shall enter judgment against each party determined to be liable. The court shall enter a judgment in favor of the plaintiff against any third party defendant who is found to be liable in any degree, even if the plaintiff did not make a direct claim against the third party defendant. The several liability of each defendant and third party defendant shall be set out separately in the judgment, based on the percentages of fault determined by the trier of fact under ORS 31.605."
*607 Under that scheme, a patron's third-party complaint that seeks to add a defendant for purposes of comparison of fault does not operate like an ordinary claim that produces a judgment in favor of a plaintiff against a defendant for a sum of damages suffered by the plaintiff himself. Instead, when a party like Roe impleads a tavern, the effect is merely to put before the jury one verdict form on which the jury apportions fault among the patron and tavern as defendants-just as if the injured plaintiff had named them all as defendants in plaintiff's original complaint at the outset. See ORS 31.600(2), (3) ; see generally Lasley v. Combined Transport, Inc. , 351 Or. 1, 21-22, 261 P.3d 1215 (2011) (explaining that, in the context of a third-party complaint seeking to attribute fault to a third-party defendant, "the third-party defendant will not be liable to the defendant but, potentially, will be liable to the plaintiff").[3] Assuming a favorable verdict, the one and only judgment that will result in the case is a judgment in favor of injured Wilda. See ORS 31.610(2).
Nothing in the text or legislative history of ORS 471.565(1) indicates that the legislature would have understood that type of third-party complaint, which is defensive in nature, to be a "cause of action" within the meaning of that statute, or suggests an intent to impair that well established and expedient procedure for the apportionment of fault among responsible parties. See Lasley , 351 Or. at 17, 261 P.3d 1215 (describing the "defensive posture" that occurs "[w]hen a defendant seeks to avoid liability for the damages that a plaintiff claims by asserting that a codefendant engaged *608 in more blameworthy negligent conduct not pleaded by the plaintiff").
Moreover, to construe "cause of action" to include a third-party complaint seeking contribution would produce incongruous results under the comparative fault scheme. As described above, ORS 31.600(2) contemplates that the trier of fact shall compare the fault of the claimant with the fault of (1) "any party against whom recovery is sought," (2) "third party defendants who are liable in tort to the claimant," and (3) "any person with whom the claimant has settled." The taverns' proposed construction of ORS 471.565(1) would prevent the trier of fact from apportioning fault to a tavern in one of those situations but not the others; that is, the defendant patron could have fault apportioned to taverns that were named by the plaintiff or had settled with the plaintiff, but could not apportion fault to taverns that had been omitted and not settled. Nothing in the text or legislative history of ORS 471.565(1) indicates any legislative intent to disturb the consistency of that fundamental scheme for the apportionment of fault, let alone to do it *1151 in a way that produces different results in the case of settling and nonsettling taverns.
Those several considerations lead us to determine that the legislature would not have intended that the statute prohibit a defendant patron from impleading a tavern into a plaintiff's action for the plaintiff's injuries. The legislature did not do so expressly, nor implicitly, and the context persuades us that the legislature would not have understood a third-party complaint of this nature to be the sort of a "cause of action" that the legislature intended to proscribe. Therefore, we conclude that, ORS 471.565(1) does not prohibit a patron's claim that seeks contribution for payment of the damages of the plaintiff injured by the intoxicated patron. Accordingly, the trial court erred in granting the motions to dismiss Roe's third-party complaint.
Reversed and remanded.

In memoranda of additional authority, the parties have noted our recent decision that held ORS 471.565(1) to be a violation of the remedies clause of Article I, section 10, of the Oregon Constitution as applied in a claim of an intoxicated patron. Schutz v. La Costita III, Inc. , 288 Or. App. 476, 406 P.3d 66 (2017). The parties disagree about whether that decision should have any effect on this case. We conclude that it does not. Roe did not present a constitutional argument in the trial court, and, in any event, we would first resolve a case on a subconstitutional level, which here we do. See Leo v. Keisling , 327 Or. 556, 562, 964 P.2d 1023 (1998) (discussing analytical priority); see also Ainsworth v. SAIF , 202 Or. App. 708, 711-12, 124 P.3d 616 (2005), rev. den. , 341 Or. 216, 140 P.3d 1133 (2006) (same).

Before the trial court, Desert Inn argued:
"The statute does not contain any language to suggest that the only causes of action that are covered are for the personal injuries of the intoxicated person. Rather, the statute broadly bars all causes of action. Certainly, if the legislature had intended to limit the coverage of the statute in the manner urged by [Roe], it could have done so. Instead, the legislature chose to prohibit any 'cause of action * * *.' "

In Lasley , the court explained:
"As noted, when a plaintiff does not join a tortfeasor as a defendant, the comparative negligence statutes permit the named defendant to file a third-party complaint against the tortfeasor. ORS 31.600(3). In that instance, the third-party defendant will not be liable to the defendant but, potentially, will be liable to the plaintiff. However, ORCP 22 C(1) restricts third-party claims to circumstances in which a third party 'is or may be liable to the third party plaintiff.' Thus, although ORCP 22 C(1) indicates that a third-party claim is designed for the circumstance in which the third-party defendant is or may be liable to the third-party plaintiff, ORS 31.600(3) permits a defendant to file a third-party complaint to allege that a third-party defendant is at fault and potentially liable to the plaintiff. ORS 31.600(2) specifically provides that the fact that a plaintiff is not a party to the third-party claim does not prevent the trier of fact from comparing the fault of the third-party defendant in the action brought by the plaintiff."
351 Or. at 21-22, 261 P.3d 1215.